Sergeant Christie Phillips Little Rock Police Department c/o Lt. Terry Hastings 700 West Markham Little Rock, Arkansas 72201-1329
Dear Sergeant Phillips:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the City of Little Rock's decision to release certain records pertaining to your employment as a police officer with the City is consistent with the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. §§ 25-19-101 to-109 (Repl. 2002) and (Supp. 2005) as amended by Acts 268, 726[1] and 998 of 2007. Specifically, you indicate that you were recently involved in a vehicle pursuit which ended tragically in the death of two citizens. You state that a local television reporter has made an FOIA request in connection with this incident. The FOIA request seeks a number of items, including: 1) "copies of any and all accident reports and pursuit reports resulting in an accident involving Christy Phillips while employed by the Little Rock Police Dept. prior to June 14th, 2007;" 2) "[a]ny and all, legal action civil/criminal taken against employee Phillips while with the Little Rock Police Dept.;" 3) "[a]ny and all citizen and dept. employee complaints filed against employee Phillips including disciplinary action taken;" 4) "[a]ny and all police reports that name employee Phillips as a suspect, or a person of interest filed by a private citizen;" 5) "[a]ny and all promotions or commendations and employee reviews pertaining to employee Phillips;" 6) "[a]ny and all records of additional training/seminars employee Phillips attended, pertaining to the advancement of her law enforcement career;" 7) "[a]ny and all Little Rock Police Dept. recordings of video/audio or radio transmissions made by employee Phillips and other officers prior to, during and following a police pursuit the evening of June 14 2007;" 8) "[a]ny and all police reports filed the day prior to, or the day of June 14 2007, pertaining to a vehicle being driven without the owner's consent, matching the description of the vehicle involved in a fatal pursuit on the evening of June 14, 2007 in the City of Little Rock, while being pursued by employee Phillips;" and 9) "[a]ny and all police reports indicating the driver and or occupants of the above vehicle were suspected of, or wanted for, any crimes prior to, or on the day of June 14, 2007." *Page 2 
The custodian of the records has responded on behalf of the Police Department and the City's Human Resources Department, each of which apparently maintain records responsive to the request. The custodian has determined with regard to items 1, 2, 4, 6, 8 and 9 above, that, to the extent any documents exist which are responsive to these items, they are "available for disclosure." With regard to items 3, 5 and 7, the custodian has determined to withhold certain information. With regard to Item 3 (the request for "[a]ny and all citizen and dept. employee complaints . . . including disciplinary action taken"), the custodian has determined as follows:
To the extent any such documents exist, such documents would be regarded as employee evaluation or job performance records. If any such records form the basis to suspend or terminate Sergeant Phillips, and the appeal process has expired on such suspension or termination, the records are available presuming there is a compelling public interest in their release. There is one exception to this decision. One file involving Sergeant Phillips contains a statement in which allegations about non-job related matters are made against other employees which have not been investigated. It is our belief that while the allegations must be disclosed, the names of such employees should be redacted from the statement in order to avoid an unwarranted invasion of personal privacy.
With regard to Item 5 (which seeks promotions, commendations and employee reviews), the custodian states that "all promotions or commendations are subject to disclosure." He also states that "[a]ny employee reviews which form the basis for a decision to suspend or terminate Sergeant Phillips, and assuming any appeal of a suspension or termination has expired, are available for disclosure." The custodian also states, however, that "Employee reviews not forming the basis for the disciplinary action described above are exempt from disclosure."
With regard to Item 7 (which seeks certain video, audio and radio recordings), the custodian states that: "To the extent such documents are available, and were not created at the behest of a departmental investigation into the incident as part of a job performance or employee evaluation process, they are available for disclosure. Any documents which may have been created at the behest of an internal or divisional investigation into the performance of Sergeant Phillips are not available as long as the investigation is ongoing."
You state that you have "no problem with [the reporter] or any news media personnel obtaining any of [your] police-related information, including any pursuits, use of forces, police-work related type material." You object, however, to the release of records connected with a specific prior disciplinary matter which you state is unrelated to the vehicle pursuit at issue and which may include potentially embarrassing, personal family information.
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) (Supp. 2005) is to determine whether the custodian's decision as to the release of the records is consistent with the Freedom of Information Act. My duty in this regard attaches only to "personnel or *Page 3 
evaluation records." As a consequence, I am not authorized to review the custodian's determination as to any category of records not constituting "personnel or evaluation" records. In addition, you seek my opinion only as to the custodian's decision regarding release of records relating to one specified prior disciplinary action. You have not sought my opinion as to any other aspect of the custodian's decision. As a consequence, I must confine my opinion to the custodian's decision with regard to Item 3 above, regarding the release of "[a]ny and all citizen and dept. employee complaints filed against employee Phillips including disciplinary action taken." As noted above, the custodian has determined that the records are "available presuming there is a compelling public interest in their release." The custodian has also determined, however, to redact the names of other employees about whom non-job related allegations are made in these records.
RESPONSE
Having not reviewed the actual records in question, I cannot come to a definitive determination as to the release or redaction of individual portions of the records. I can state as a general matter, however, that if the prior disciplinary records in question did in fact form the basis for a final suspension or termination and a compelling public interest exists, the custodian is correct in determining that they are generally available for public inspection. I should note, however, that even if your prior disciplinary records are generally subject to release under the applicable test in the FOIA, the custodian should review the records to determine whether any redactions are necessary in light of the constitutional right to privacy discussed in McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). My predecessor recently concluded, and I agree, that in some instances the constitutional right to privacy requires redaction of information contained in otherwise disclosable job performance/internal investigative records, including information relating to "private family matter[s]." See Op. Att'y. Gen. 2006-163. Only the custodian of the records can make the initial determination as to whether any information contained in the records is subject to redaction under this constitutional right to privacy. Finally, to the extent the otherwise disclosable disciplinary records also mention other employees and constitute the personnel records of the other employees, in my opinion the custodian is correct to redact the names of the other employees if the release of the information would constitute a "clearly unwarranted invasion of personal privacy" as to those employees. These issues will be discussed in more detail below.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records. *Page 4 
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that you are a city employee, I believe documents containing the information requested in Item 3 above clearly qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
Records maintained with regard to a police officer's employment typically comprise either "personnel records" or "employee evaluation/job performance records" for purposes of the exemptions listed in the FOIA. It is important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. See, e.g., Op. Att'y Gen. 2007-008, citing Op. Att'y Gen. 2005-032 (and opinions cited therein).
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. 2004-260; 2003-336; 2003-201; 2001-101; 98-001.
Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. To fall within this classification, the record must have been created for the purpose of evaluating the employee. See, e.g., Op. Att'y Gen. No. 2004-012. "Employee evaluation or job performance records" as distinguished from "personnel records," are releasable only if the following three conditions have been met: *Page 5 
1. There has been a final administrative resolution of any suspension or termination proceeding;
2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
Again, the information requested in Item 3 of the FOIA request seeks "[a]ny and all citizen and dept. employee complaints filed against employee Phillips including disciplinary action taken." The custodian has determined that "[t]o the extent any such documents exist, such documents would be regarded as employee evaluation or job performance records." One clarification should be made about this initial conclusion. With regard to this initial classification of the records, I should note that my predecessors have previously stated, and I agree, that unsolicited citizen or employee "complaints" are properly classified as "personnel records" rather than "employee evaluation or job performance records." As my predecessor stated in Op. Att'y Gen.2006-158 at n. 1:
This office has consistently taken the position that any records that were created at the behest of an employer and that detail the performance or lack of performance of an employee with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos.1998-006, 97-222, 95-351, 94-306, and 93-055. This would include records in an internal affairs file that have been generated at the behest of the employer in the course of investigating a complaint against the employee. See, e.g., Op. Att'y Gen. 2006-106 (and opinions cited therein). Records relating to an internal investigation that were not created at the behest of the employer, such as an unsolicited complaint, are properly classified as "personnel records."
Id. at 6. See also, Ops. Att'y Gen. 1996-168 and 96-033 (concluding that a previously prepared document which is not otherwise exempt cannot be transformed into a job performance record by a supervisor's later acts in conducting an investigation or preparing an evaluation). See also Opinion No. 1996-257 (concluding that if a complaint document was initiated by employees and created on their behalf and was not made or given as part of an agency inquiry or investigation, it was not subject to the exemption for employee evaluation or job performance records). See also Ops. Att'y Gen. 2006-092; 2004-348 and 2003-033 (reaching the same conclusion as to unsolicited third-party or citizen complaints).
In my opinion, therefore, if the responsive records include any unsolicited complaint documents, they should be evaluated under the test for the release of "personnel records," (the "clearly unwarranted standard), rather than under the test for "employee evaluation *Page 6 
or job performance records."
Assuming the custodian is correct that the remainder of the responsive records under Item 3 are "employee evaluation or job performance records," in my opinion the custodian is correct that they are generally subject to release if they formed a basis for a final suspension[2]
and if there is a "compelling public interest in disclosure." You apparently acknowledge a prior suspension action, and there are apparently records relating to that action that formed a basis for the decision. You appear to indicate that this action became final and that no appeals of this prior disciplinary action are pending. The remaining question under A.C.A. § 25-19-105(c)(1) that will determine whether the records should be released under that subsection is whether there is a "compelling public interest" in the disclosure of the records. The custodian has stated that such records are available "presuming there is a compelling public interest in their release." In my opinion the custodian may not merely "presume" that a compelling public interest exists in the requested records. As stated in Op. Att'y Gen. 2006-026
"Whether a compelling public interest exists in the release of particular records is always a question of fact that must be determined in light of all the surrounding facts and circumstances." Id. citing Ops. Att'y Gen. 2005-094; 2005-032; and 2005-011. This portion of the test may not be "presumed" or omitted. See, e.g., Op. Att'y Gen.2006-142 (pointing out the incorrect omission of this part of the test by a City of Little Rock records custodian); and Op. Att'y Gen. 95-242
(same). As stated in Op. Att'y Gen. 2001-063 "In the final analysis, the question of whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information."
Having not reviewed the records in question, I cannot determine whether there is a compelling public interest in their release. I and my predecessors have previously stated, however, on this general topic, that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists. As a consequence, in that event the custodian would be correct in concluding that the records were subject to release under A.C.A. § 25-19-105(c)(1).
It may be, therefore, that as a factual matter all the requisite criteria for the release of your prior disciplinary records under A.C.A. § 25-19-105(c)(1) have been met. One other possible avenue of exemption should be discussed, however. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989).[3] My predecessor recently applied this constitutional right to privacy in concluding that certain information relating to a "private family matter" should be redacted from an internal investigation document and interview. See Op. Att'y Gen. 2006-163. *Page 7 
In applying the applicable test, the McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. It has been stated that:
Only information that is "extremely personal" in nature is likely to satisfy the third prong of the McCambridge test. As the U.S. Court of Appeals for the Eighth Circuit has observed, the constitutional right to privacy extends "only to highly personal matters representing the most intimate aspects of human affairs." The information must be such that its disclosure would be "either a shocking degradation or an egregious humiliation of [the individual] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Although this standard is not easily met, medical records and information relating to a person's finances or marriage may qualify.
Watkins Peltz, The Arkansas Freedom of Information Act (m m Press) at 243-244 (footnotes omitted), quoting Eagle v. Morgan, 88 F.3d 620
(8th Cir. 1996) and Alexander v. Peffer, 993 F.2d 1348 (8th Cir. 1993); and citing Sheets v. Salt Lake County, 45 F.3d 1383 (10th Cir. 1995); and Walls v. City of Petersberg, 895 F.2d 188 (4th Cir. 1990).
The McCambridge court specifically recognized that family relationships can carry a constitutionally protectable privacy interest. Id. at 230, citing Paul v. Davis, 424 U.S. 693, 713 (1976). If the custodian of the records determines factually that the subject matter of the records meets the three prongs of the test laid out by the McCambridge court, the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., a the public's legitimate interest in the matter) outweighs your privacy interest in non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. I cannot make this factual determination without access to the records and all the pertinent facts within the knowledge of the custodian.
As a final matter, the custodian has also determined to redact the names of some other employees mentioned in the records in connection with allegations of non-job-related conduct. The custodian states that this action is necessary to avoid a "clearly unwarranted invasion of personal privacy." The custodian has evidently determined that the references to the other employees in your records constitute the "personnel records" of the other employees under A.C.A. §25-19-105(b)(12), the "personnel records" exemption. Again, I have not reviewed the actual records in question. In my opinion, however, assuming that your employee evaluation or job performance records also constitute the "personnel records" of the other employees, and that the information contained therein would as a matter of fact constitute such an invasion of privacy, the custodian would be correct to redact the names and personal identifiers of the other employees. At least one of my predecessors has reached a similar conclusion in two separate opinions. See, e.g., Ops. Att'y Gen. 2002-237 (investigative report, which was the employee evaluation or job performance record of employee being investigated and personnel record of other employees mentioned therein, should be redacted to remove private personnel *Page 8 
information of other employees that would give rise to a clearly unwarranted invasion of personal privacy); and 2002-055 (investigative records pertaining to one employee and referencing other employees, constituted the personnel records of other employees and the other employees' names should be redacted where release would constitute a clearly unwarranted invasion of personal privacy).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 726 is not yet effective. See Op. Att'y Gen. 2007-164.
[2] The records presumably do not reflect any final termination for purposes of the applicable exemption, as you continue to be employed by the City.
[3] The constitutional right to privacy is sometimes implicated where the statutory test for release of employee evaluation and job performance records has been met, because that statutory test, unlike the test for the release of "personnel records" does not already include a built-in weighing or consideration of the employee's privacy rights once the threshold requirements of a final suspension or termination have been established. The statutory exemption provides in that event only for consideration of the public's interest and whether it is "compelling."